UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

**C-VILLE FABRICATING, INC. dba TARTER INDUSTRIES, et al.,**

    Plaintiffs,

V.

**JOSHUA DONALD TARTER, et al.,**

    Defendants.

CIVIL ACTION NO. 5:18-379-KKC

<u>OPINION & ORDER</u>

*** *** ***

This matter is before the Court on a motion to reconsider the Court's February 22, 2023 Opinion filed by Defendants Josuha Donald Tarter and Thomas Lewis Gregory. (DE 113.) For the reasons stated herein, the motion is granted.

## I.  BACKGROUND

The background of this case has been set forth extensively in the Court's prior opinions. Accordingly, the Court will only present the facts most pertinent to the motion currently before it.

### a. Facts

This case involves the Tarter family business, a manufacturer of farm and ranch equipment. (Compl. ¶¶ 19, 22, 167.) The business consists of four separate entities – C-Ville Fabricating, Inc. d/b/a Tarter Industries ("Tarter Industries"), Tarter Management Company, Inc. ("Tarter Management"), Tarter Gate Company, LLC ("Tarter Gate"), and Tarter Tube, LLC ("Tarter Tube") (collectively, "Tarter Companies"). (*Id.* at ¶¶ 21, 26, 45, 66, 75.) While legally distinct, the entities share common owners, resources, and employees. (*Id.* at ¶ 21.)

As a family business, the ownership and management structure of the Tarter Companies is unclear due to the informality with which they have conducted their corporate governance. The

"Third Generation" of the Tarter family consists of brothers David and Donald, and their wives, Anna Lou and Joy, respectively. (Compl. ¶ 23.) The "Fourth Generation" consists of the Third Generation's children. (*Id.* at ¶¶ 23, 40.) David and Anna Lou have two children, Douglas and LuAnn. (*Id.* at ¶ 23.) Donald and Joy's three children are Defendant Josh, Keith, and Nell. (*Id.*)

Initially, David, Anna Lou, Donald, and Joy each held 25% interests in Tarter Industries. They elected themselves as officers and directors. David was the President, Donald was the Vice President, Joy was the Treasurer, and Anna Lou was the Secretary. Tarter Industries has not held an annual shareholders' or Board of Directors' meeting since 1997. On December 31, 2012, David, Donald, and Joy transferred their shares in Tarter Industries to their children. Consequently, Anna Lou, Douglas, and LuAnn collectively held a 50% interest in Tarter Industries, while Josh, Keith, and Nell collectively held the other 50%.

Around 2013, it came out that Josh, the acting president of Tarter Industries, had a personal financial interest in QMC, Tarter's largest sourcing component supplier based out of China. In 2017, Anna Lou, LuAnn, and Douglas filed their initial lawsuit against Josh, Gregory, and QMC. That court dismissed the lawsuit, finding that the plaintiffs lacked standing in their individual capacities and derivatively on behalf of the Tarter Companies.

Following the dismissal of the initial suit, David, in his alleged position as President of Tarter Companies, requested that Anna Lou, in her capacity as Secretary of Tarter Industries, issue notices of a special meeting to vote on whether to pursue litigation against defendants. In early February 2018, Anna Lou sent notices of the special meeting to each possible combination of directors and member/managers of the Tarter Industries. Plaintiffs also sent demand letters to the same recipients. The demands requested a vote on whether to pursue litigation against Defendants. David called the special meeting on February 22, 2018, with himself, Anna Lou, and Joy present

2

as purported directors. Anna Lou then moved to vote on whether to file a lawsuit against Defendants, and David seconded the motion. David and Anna Lou voted to initiate the lawsuit, while Joy abstained from voting.

Anna Lou, LuAnn, and Douglas then filed the instant action and brought numerous claims in both their individual and derivative capacities. Tarter Industries also joined as a plaintiff, bringing direct claims against defendants in its own name.

### b. Summary Judgment Ruling

In its March 25, 2022 Opinion and Order, the Court granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiffs' motion for summary judgment. (DE 106.) In doing so, the Court found that Tarter Industries' Board of Directors did not properly authorize the filing of the lawsuit as required by Kentucky law. (*Id.* at 26.) First, the Court found that David implicitly resigned as President and Director of Tarter Industries when he transferred his shares based on his subsequent conduct. (*Id.* at 23-24.) Since David was no longer the President of Tarter Industries, the Court concluded that he had no authority to direct Anna Lou to issue the notices of the special meeting or vote on the resolution to file the lawsuit at the meeting. (*Id.* at 25.) Accordingly, the special meeting was void, and Tarter Industries was not a proper party to the lawsuit. (*Id.*) As for the derivative action, the Court found that the Board's decision to reject the plaintiffs' proper demand was protected by the business judgment rule. Accordingly, those claims were dismissed. (*Id.* at 33-35.)

### c. Plaintiffs' Motion to Reconsider

After summary judgment was entered in favor of Defendants, Plaintiffs filed a motion to alter or amend the March 25, 2022 Opinion and Order. (DE 108.) In this motion, Plaintiffs argued that if the transfer of David's ownership in the two entities and his subsequent actions divested

him of his seat on the Board, as the Court had found on summary judgment, the same must be true for Donald and Joy, making Anna Lou the only member of the Board. (DE 108 at 1-2.) Plaintiffs contended that not applying this analysis to Donald and Joy amounted to a clear error of law, or, alternatively, a manifest injustice by treating one former owner differently from the others. (*Id.* at 6.)

Applying the same analysis to Donald and Joy as it did to David, the Court found that Joy and Donald also implicitly resigned as officers and directors of Tarter Industries when they transferred their shares to their children. Since Tarter Industries' bylaws require the Board to fill a vacant seat among the officers and directors through an election, the Court found it irrelevant whether the Fourth Generation assumed responsibilities of officers and directors after they obtained their shares. With Joy, Donald, and David resigned and the Fourth Generation unelected, this left Anna Lou as the sole member of the Board.

As sole member of the Board, Anna Lou had the authority to bring a direct claim for Tarter Industries. To bring a direct claim, the Secretary of Tarter Industries must call a special meeting upon the direction of the president or upon written request by a majority of the Board. Anna Lou, who still held her position as Secretary, called a special meeting by issuing notices. Since Anna Lou was the only existing director at the time and she voted to pursue the litigation, the Board properly authorized the litigation.

The Court found it "committed a clear error of law when it overlooked the domino effect its finding had on the status of other Board members." (DE 111 at 12). The Court recognized that this was the first time the plaintiffs raised the theory that Anna Lou was the sole member of the Board but stated "due to the Court's own oversight in creating a paradox regarding Tarter Industries' route to standing, the Court will allow reconsideration as to the composition of Tarter

4

Industries' Board and the effect of that composition." (*Id.* at 15). Tarter Industries was therefore allowed to proceed with its direct claims.

### d. Defendant's Motion to Reconsider Now Before the Court

The Defendants filed a motion to reconsider the Order granting the Plaintiff's 59(e) motion claiming that it contains clear errors of law and works a manifest injustice upon the Defendants. (DE 113.) The Court now turns to that motion.

## II. ANALYSIS

Defendants argue that the Court's order granting Plaintiffs' motion to alter or amend the entry of summary judgment was both a clear error and a manifest injustice to the Defendants. (DE 113 at 8.) The Court committed a clear error, according to Defendants, by accepting the Plaintiffs' alternative theory of standing for Tarter Industries when that theory had not been pleaded in the Complaint nor argued at any point before Plaintiffs' 59(e) motion. Because the theory that Anna Lou was the sole Director of the Board arose at such a late stage of litigation, Defendants were deprived the opportunity to develop discovery to refute that theory. Defendants contend that to amend their complaint to assert a new theory of standing as late as post-judgment, the Plaintiffs must satisfy both Rule 59(e) and Rule 15, which they failed to do. Defendants also argue that even if Plaintiffs had properly asserted their new theory of standing, it would have failed due to substantive arguments that Defendants did not have the chance to develop because of the late stage the argument was presented.

A plaintiff's theory of standing must be sufficiently pleaded in the complaint. *See Sierra Club v. Morton*, 405 U.S. 727 (1972). Plaintiffs' Complaint alleged that at the time the Board voted to bring an action, the Board consisted of four members: David, Anna Lou, Donald, and Joy. (DE 1 at ¶ 108.) Plaintiffs' new theory was not pleaded in the Complaint and was not asserted during the summary judgment process. (DE 1, 91, 95, 98.) It was raised for the first time in

5

their 59(e) motion to alter or amend. (DE 108.) Although the Court acknowledged that this was the first time Plaintiffs raised the theory that Anna Lou was the sole director of Tarter Industries, the Court characterized its failure to find standing in this manner as "the Court's own oversight," rather than Plaintiffs' failure to plead or pursue this theory of standing anywhere in the lawsuit. (DE 111 at 15.)

Pleading and proving standing is a task belonging exclusively to the plaintiff, not the district court. *Whitmore v. Arkansas*, 495 U.S. 149, 155–56, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (A "federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."); *Butler v. Broward County Cent. Exam. Bd.*, 367 F. App'x 991, 992 (11th Cir. 2010) (citation omitted) ("Courts are not allowed to act as de facto counselor to rewrite a deficient pleading. Moreover, the legal parameters of a lawsuit cannot be expanded sua sponte by the district court."); *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1081-82 (D.C. Cir. 1984) ("The District Court has no obligation to create, unaided by the plaintiff, new legal theories to support a complaint.").

When a plaintiff has failed to sufficiently plead a viable theory of standing in the complaint, the plaintiff may not correct this deficiency simply by asserting a new theory of standing in a Rule 59 motion. *Saia v. Flying J, Inc.*, No. 15-CV-01045-STA-EGB, 2016 WL 3200298, at *4 (W.D. Tenn. June 8, 2016) (denying Rule 59(e) seeking reconsideration of the court's ruling on standing because the rule "does not permit Plaintiff to return to the standing issue with citations to new cases or additional legal arguments") aff'd, No. 16-5853, 2017 WL 6398013 (6th Cir. July 11, 2017). Rather, at this stage, a plaintiff may only attempt to amend its complaint by satisfying both Rule 59(e) and Rule 15. *Chisholm v. Am. Cold Storage, Inc.*, 3:09-CV-808-CRS, at *3 (W.D. Ky. Jan. 30, 2013); *Habliston v. Finra Dispute Resolution, Inc.*, 251 F. Supp. 3d 240, 244 (D.D.C. 2017) ("a plaintiff may amend his or her complaint after

6

judgment has been entered only by filing ... a 59(e) motion to alter or amend a judgment combined with a Rule 15(a) motion requesting leave of court to amend the [ ] complaint.").

The Court may grant a Rule 59(e) motion for only limited reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Motions to alter or amend pursuant to Rule 59(e) are "extraordinary" in nature and should be "sparingly granted." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F.Supp.2d 647, 655 (W.D.Ky.2011) (citing *Buckner v. Kentucky*, 2011 WL 1304747 at *1 (E.D.Ky. Apr. 5, 2011)). Rule 59(e) does not provide parties a forum to present new arguments or theories that, with proper diligence, could have been asserted prior to the judgment being issued." *Youth Alive*, 857 F.Supp.2d at 656 (W.D.Ky.2011) (citing *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir.2008)).

Here, in their motion to alter, Plaintiffs argued that the Court committed clear error when it did not extend its analysis of David's position on the Board to the other members. (DE 108.) Plaintiffs had not yet asserted this argument anywhere in the proceedings. Yet, a party may not use a Rule 59(e) motion to raise new legal arguments. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) ("A plaintiff cannot use a Rule 59 motion…to raise arguments which could, and should, have been made before judgment was issued."). The Court even noted in its order granting Plaintiffs' 59(e) motion that this was the "<u>first time</u> that Plaintiffs raised the theory that Anna Lou was the only officer and director of Tarter Industries." (DE 111 at 15.) It is not the Court's job to make arguments for Plaintiffs or to find their route to standing when Plaintiffs did not present this theory to the Court. Given that the onus to consider alternative theories of standing was not on the Court and Plaintiffs presented the argument for the first time in their 59(e) motion, it was a clear error by the Court to hold that its prior opinion was clearly erroneous.

7

Even if they had shown that the Court made a clear error, Plaintiffs would have then needed to request leave of the Court to amend their complaint in accordance with Rule 15. As with any Rule 15 motion, Defendants would then be entitled to oppose the motion on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

Instead of requiring Plaintiffs to ask leave to amend, the Court effectively allowed an amendment of the complaint to assert a new theory of standing when it granted Plaintiffs' motion to alter. The Court then proceeded to make factual findings and legal conclusions that Donald and Joy had also implicitly resigned without the benefit of a motion to amend the complaint, an amended complaint, discovery directed towards Plaintiffs' legal theory, or dispositive motion practice thereon. Because of this, Defendants were denied the procedural safeguards that exist in the Federal Rules of Civil Procedure to enable a defendant to attempt to defend a lawsuit in federal court. Allowing this late-stage argument without providing Defendants opportunity to develop their arguments against it worked a manifest injustice to Defendants.

Having assessed the record, the Court finds that this presents an extraordinary circumstance in which a 59(e) motion should be granted to correct the erroneous grant of a previous 59(e) motion. However, as the Sixth Circuit has observed, "if a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their argument, then reopen the case by amending their complaint to take account of the court's decision." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). This would "sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60,

making the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Id.* Plaintiffs had the opportunity to seek leave from the Court and amend their complaint to include the theory available at the time that Anna Lou was the sole director. Instead, it was their strategic decision to proceed only with the theory that there were four members of the Board. By granting their 59(e) motion, the Court allowed Plaintiffs to use the Court as a sounding board, discover holes in their argument, and then reopen litigation to take account of the Court's decision. Since this was an inappropriate grant of a 59(e) motion, the Court now reinstates its original summary judgment order in which the Court held that Tarter Industries does not have standing to assert its claims.

### III.    CONCLUSION

For the foregoing reasons, the Court ORDERS

1. Defendants' Motion to Alter or Amend the Court's February 22, 2023 Opinion (DE 113) is GRANTED.

2. The Court's March 25, 2022 Order (DE 106) is REINSTATED.

This 20th day of March, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY