**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

**C-VILLE FABRICATING, INC. d/b/a TARTER INDUSTRIES,**

**Plaintiff,**

**V.**

**JOSHUA DONALD TARTER, et al.,**

**Defendants.**

**CIVIL ACTION NO. 5:18-cv-379-KKC**

**OPINION and ORDER**

***** *** *****

This matter is before the Court on two motions *in limine*, one filed by the Plaintiff (R. 146) and the other filed by the Defendants (R. 145). Now that these motions are fully briefed, they are ready for review. For the following reasons, the Plaintiffs motion *in limine is* denied and the Defendants' motion *in limine* is granted in part and denied in part.

## I. LEGAL STANDARD

A motion *in limine* seeks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (citation omitted). The standard for granting a motion *in limine* is essentially that for evidentiary rulings in general: the evidence must be "clearly inadmissible for any purpose." *King v. Taylor*, No. 10-CV-96, 2013 U.S. Dist. LEXIS 73674 at *5 (E.D. Ky. May 24, 2013).

Rule 402 of the Federal Rules of Evidence provides "that evidence is admissible if it is 'relevant.'" *United States v. Dunn*, 805 F.2d 1275, 1281 (6th Cir. 1986). Rule 401 defines "relevant evidence" as evidence that "has any tendency to make a fact more or less probable

than it would be without the evidence," and that "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may nevertheless exclude evidence that is relevant under Rule 401 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

While district courts enjoy "broad discretion in determining the relevancy of evidence and in passing upon its admissibility under Rule 401," "the 'better practice' is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds." *Middleton v. SelecTrucks of Am.*, LLC, 589 F. Supp. 3d 687, 691 (W.D. Ky. 2022) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). As such, a court's ruling in limine is "no more than a preliminary, or advisory, opinion" that may be altered or amended at trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). As a general rule "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg*, 519 F.2d at 712.

## II. ANALYSIS

### A. Plaintiff's Motion *in Limine* (R. 146)

Plaintiff moves to exclude Defendants' expert testimony. (R. 146.) Plaintiff submits its "motion *in limine*" on the grounds that Defense experts Newell Chambers and Dr. Robert Hatfields testimony will not help the jury (*Id.* at 2.) Defendants respond that the motion is, in substance, an untimely *Daubert* motion. (R. 150 at 2.)

The Court finds that regardless of its label, Plaintiff's motion is plainly a *Daubert* challenge. The motion expressly invokes Rule 702 and seeks exclusion on the ground that the experts' opinions are unhelpful to the jury. (*See* R. 146 at 2, 5.) Those are core *Daubert*

considerations. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528–29 (6th Cir. 2008) (explaining that the trial court must assess whether expert testimony is relevant and will assist the trier of fact).

Plaintiff's disputes as to Defendants' experts should have been raised in a *Daubert* motion. The relevance of an expert's testimony is the central component of the *Daubert* analysis. *See In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528–29 (6th Cir. 2008). Recognizing the significant effect that *Daubert* challenges can have on a party's ability to present its case at trial is the purpose behind setting that deadline far in advance of trial. That deadline was May 17, 2021. (R. 89.) Permitting the Plaintiff to repackage a previously available *Daubert* challenge in a motion *in limine* this close to trial would subvert the Court's Scheduling Order, which may only be modified upon a showing of good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b), 16(b)(4).

Moreover, Plaintiff's objections largely concern the experts' calculations, reasoning, and the facts or assumptions underlying their opinions. Those issues generally bear on the weight the factfinder should afford the testimony rather than its admissibility and may be explored through vigorous cross-examination and competing evidence.

Because Plaintiff's motion presents an untimely *Daubert* challenge and Plaintiff has not established a basis to modify the scheduling order, its motion is **denied**.

**B. Defendants' Motion *in Limine* (R. 145)**

Defendants Josh Tarter and Lew Gregory move to preclude Plaintiff from introducing six different pieces of evidence. (*See* R. 145 at 1.) The Court will address each motion in turn.

**1. Preclude Plaintiff's from addressing QMC's alleged customs violations**

Defendants argue that discussion of QMC's customs violations is irrelevant to the Plaintiff's remaining claims. (*Id.* at 2.) They assert that customs laws are complex and will confuse

the jury if discussed. (*Id.*) Plaintiff opposes the motion, arguing that QMC's customs violations are relevant to proving how the QMC scheme operated. (R. 149 at 2.)

Evidence pertaining to QMC's customs violations is relevant. Plaintiff seeks to establish that QMC violated customs laws by intentionally importing products they knew exposed the company to liability and falsely submitting documents to a federal agency. This evidence would help prove Plaintiff's breach of fiduciary duty and RICO claims. Accordingly, the Defendants' motion is **denied**.

**2. Preclude Plaintiff's reference to Defendants' alleged failure to report QMC's income to tax authorities**

Defendants argue that Plaintiff has no good faith basis to accuse them of committing tax fraud. (R. 145 at 3.) Allowing such evidence, they argue, could confuse the jury and draw unfair inferences. (*Id.*) Plaintiff argues that the Defendants' tax returns are relevant. (R. 149 at 5.) Specifically, it states that the $11,000,000.00 in profits listed on their tax returns establishes a "floor." (*Id.* at 6.) However, Plaintiffs believe that the Defendants' actual profits were much higher than the reported figure based in large part on its expert's determination. (*Id.*) Plaintiff states that granting this motion would, in effect, preclude it from introducing evidence that the amount of money diverted from the Tarter Companies exceeded $11,000,000.00. (*Id.*)

Defendants' motion attempts to construe Plaintiff's evidence as a direct accusation that the Defendants committed tax fraud. Actually, Plaintiff is attempting to establish a range of QMC's profits, ranging between the stated tax return figure and its expert's figure. Plaintiff's expert may testify regarding his calculations and conclusion that QMC's profits were in excess of $11,000,000. The expert's opinion alone will not prejudice the Defendants.

Plaintiff may not, however, use this information to accuse the Defendants of committing tax fraud. Tax fraud is not a cause of action in this case, and using evidence for that purpose is irrelevant.

Accordingly, the Defendants' motion is **granted**, to the limited extent that Plaintiff is precluded from using QMC's tax information to accuse the Defendants of tax fraud. The Defendants' motion is **denied** in all other respects.

**3. Preclude reference to QMC's default and default judgment**

Defendants state that Plaintiff erroneously asserted that the Court has entered a default judgment against QMC. (R. 145 at 3.) They argue that any suggestion that QMC failed to appear in this litigation has no implications as to Josh Tarter or Lew Gregory. (*Id.*)

The Court finds that any reference to a default judgment in this matter would be inaccurate. The Clerk of Court entered default against QMC (R. 53), but no judgment has been entered. Accordingly, the Plaintiff is precluded from referencing such.

The Court will not, however, preclude evidence of the Clerk's entry of default against QMC. Evidence of QMC's non-participation in this litigation helps to explain why the Plaintiff's expert used the average markup calculation, rather than QMC's actual profit figures. QMC's default is therefore relevant to the Plaintiff's calculation of damages and/or disgorgement. Further, excluding evidence of default would be overbroad and may preclude relevant evidence from being presented.

Accordingly, the Defendants' motion is **granted** to the extent Plaintiff seeks to put on evidence that it obtained a "default judgment" against QMC. The Defendants' motion is **denied** to the extent it seeks to preclude Plaintiff from referencing QMC's default.

**4. Preclude Plaintiff from introducing evidence of the Defendants' spending habits**

Defendants argue that their spending habits are "plainly irrelevant" to Plaintiff's claims. (R. 145 at 5.) They believe that evidence of spending habits would result in "class prejudice" which may alienate members of the jury. (*Id.* at 6.) Plaintiff argues that this is not a proper situation where class prejudice applies. (R. 149 at 9.)

The Plaintiff is prohibited from using evidence of the Defendants' spending habits for the purpose of creating a negative impression or to alienate the jury. Any suggestion that their luxurious spending habits, standing alone, is evidence that they are liable for the claims is improper.

Plaintiff may, however, introduce evidence of purchases Defendants made during the alleged QMC scheme. For example, evidence that Defendants Josh Tarter and Lew Gregory purchased a houseboat or vacation home may be relevant to show the relationship between their income and expenditures during the relevant period. Likewise, evidence that Defendants acquired property they could not otherwise have afforded without funds earned through QMC may be relevant to Plaintiff's unjust-enrichment claims and to Defendants' alleged motive. At this time, the Court believes that the disputed evidence is admissible "wealth evidence" rather than impermissible evidence that would cause class prejudice. *United States v. Chalhoub*, 946 F.3d 897, 908 (6th Cir. 2020). Plaintiff seeks to put on evidence of the Defendants' purchases to establish their unjust enrichment, and it is not disputed that these purchases occurred after QMC was established. *See United States v. Jackson-Randolph*, 282 F.3d 269, 376–378 (6th Cir. 2002).

Accordingly, the Defendants' motion is **granted** to the extent that Plaintiff is precluded from using the Defendants' spending habits to inflame "class prejudice." The Defendants' motion is **denied** in all other respects.

**5. Preclude Plaintiff from inciting "anti-Chinese" or nationalist sentiment**

Defendants argue that any suggestion that the Tarter Companies moved manufacturing jobs to China is not only incorrect, but highly prejudicial. (R. 145 at 6.) The Plaintiff responds by stating that they have no intention of using that kind of rhetoric. (R. 149 at 9.) The Court finds the Defendants' motion to lack the requisite specificity required to exclude evidence at this time. Any xenophobic or nationalist rhetoric will be excluded as highly prejudicial, but the appropriate time to handle this issue is at trial. Defendants' motion is **denied** as moot, but they remain free to raise specific objections at trial.

**6. Exclude all exhibits on Plaintiff's exhibit list that are not sufficiently identified**

Defendants take issue with the Plaintiff's "document-dump of more than 200,000 documents." (R. 145 at 7.) They request that Plaintiff should be required to provide Bates numbers for all exhibits, so they can effectively reference the materials. (*Id.* at 8.) The Plaintiff has offered to provide Bates numbers for the documents or otherwise notify the Defendants of which documents will be introduced. (R. 149 at 11.)

The Court is unable to resolve this issue based solely on the motion. However, to alleviate this issue, The Parties shall confer to develop a joint exhibit list that the Court could pre-approve before trial. All proposed joint exhibits shall be pre-marked for identification and submitted to the Court on or before October 1, 2026. For any exhibit on which the parties cannot agree, the Parties shall specifically identify the disputed exhibit and state each objection, supported with citations. Accordingly, the Defendant's motion is **denied** as moot.

## III. CONCLUSION

For the aforementioned reasons, the Court hereby **ORDERS** the following:

1) The Plaintiff's motion *in limine* to exclude expert testimony (R. 146) is **DENIED**.

2) The Defendants' motion *in limine* (R. 145) is **GRANTED** in part and **DENIED** in part:

   a. The motion to preclude Plaintiff's from addressing QMC's alleged customs violations is **DENIED**.

   b. The motion to preclude Plaintiff from referencing Defendants' alleged tax violations is **GRANTED**, to the limited extent that Plaintiff is precluded from using QMC's tax information to attack the Defendants' character for truthfulness. The Defendants' motion is **DENIED** in all other respects.

   c. The motion to preclude reference to QMC's default and default judgment is **GRANTED** to the extent Plaintiff seeks to put on evidence that it obtained a "default judgment" against QMC. The Defendants' motion is **DENIED** to the extent it seeks to preclude Plaintiff from referencing QMC's default.

   d. The motion to preclude Plaintiff from introducing Defendants' spending habits is **GRANTED** to the extent that Plaintiff is precluded from using the Defendants' spending habits to inflame "class prejudice." The Defendants' motion is **DENIED** in all other respects.

   e. The motion to preclude Plaintiff from inciting anti-Chinese or nationalist sentiment is **DENIED** as moot.

   f. The motion to exclude all exhibits on Plaintiff's exhibit list that are not sufficiently identified is **DENIED**. The Parties shall submit a joint exhibit list pre-marked for identification on or before October 1, 2026. the Parties shall specifically identify any disputed exhibits to which they cannot agree and state each objection, supported with citations.

This 21st day of August, 2026.

**Signed By:**
***Karen K. Caldwell***
**United States District Judge**